2024R00193/DAF/JMR/SD/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Karen M. Williams, U.S.D.J. |
| v. | : | Crim. No. 24- |
| TOMMY HAWKINS, | : | CONSENT JUDGMENT |
| | | AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

WHEREAS, on or about _May 23, 2024_, pursuant to a plea agreement with the United States, defendant Tommy Hawkins pleaded guilty to a one-count Information charging him with bank fraud conspiracy, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349 (Count One);

WHEREAS, in the plea agreement, the defendant agreed to forfeit, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting or derived from proceeds the defendant obtained directly and indirectly as a result of the commission of the offense charged in Count One of the Information;

WHEREAS, defendant Tommy Hawkins:

(1)     Consents to the entry of a money judgment in the amount of $25,000 (the "Money Judgment"), pursuant to 18 U.S.C. § 982(a)(2)(A);

(2)     Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(3)     Acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit

substitute assets in an amount not to exceed the amount of the Money Judgment;

(4)    Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5)    Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6)    Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1.    All property, real or personal, constituting or derived from proceeds the defendant obtained directly and indirectly as a result of the commission of the offense charged in Count One the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A).

2.    The defendant having acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds

obtained by the defendant, which was $25,000. A money judgment in the amount of $25,000 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3.    All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.    Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Assets Forfeiture Fund.

5.    Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C.

§ 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

6.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

7.    The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $25,000.

8.    This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated:    5/28/24

_____
HON. KAREN M. WILLIAMS, U.S.D.J.


The undersigned hereby consent to
the form and entry of this Order:

PHILIP R. SELLINGER
United States Attorney


_____                     Dated: March 13, 2024
By: DANIEL A. FRIEDMAN
     JASON M. RICHARDSON
     Assistant U.S. Attorneys

_____     Dated: _5 / 23 / 24_
SHAKA JOHNSON, ESQ.
Attorney for Defendant Tommy Hawkins

_____     Dated: _2 / 23 / 24_
TOMMY HAWKINS, Defendant